IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID EUGENE WASHINGTON, )
)
        Petitioner, )
)
        v. ) 1:05CV00361
)
THEODIS BECK, Secretary of the )
Dept. of Correction., )
)
        Respondent. )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

    Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 12, 1994, petitioner pled guilty in the Superior Court of Cabarrus County to two counts of sale or delivery of cocaine in cases 93 CRS 14662-63. He was then sentenced to five years of imprisonment on one charge and a suspended term of ten years of imprisonment on another. Later, on August 15, 1997, petitioner had his ten-year sentence activated. Finally, on March 26, 1998, petitioner pled guilty in the Superior Court of Cabarrus County to possession of cocaine and being a habitual felon in cases 97 CRS 14857 and 11593.

    Petitioner did not appeal any of his convictions and sentences. However, on October 19, 1998, he filed a motion for appropriate relief in the Superior Court of Cabarrus County. When this was denied, he sought a writ of certiorari from the North Carolina Court of Appeals, but this request was denied on December 2, 1998. Petitioner then waited for over three years and submitted a second motion for appropriate relief dated January 4, 2002. He

later followed the denial of this motion with a third, and then a fourth, motion for appropriate relief. These were also denied, as were subsequent petitions for certiorari. When the final petition for certiorari was denied by the North Carolina Court of Appeals on January 27, 2005, petitioner turned to this Court by submitting a habeas petition that was received on April 12, 2005.[1]

The respondent requests dismissal of the petition on the ground that it was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time

---

[1] Petitioner also sent a petition that was received on February 3, 2005, but it was defective and was dismissed without prejudice.

[2] A Section 2254 petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

to file such a petition.  Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001), cert. denied, 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002)(federal conviction).

The one-year limitation period is tolled while state post-conviction proceedings are pending.  Harris, supra.  The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), cert. denied, 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000).  However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).  For those petitioners whose conviction became final prior to the effective date of AEDPA, they have one year from that effective date, or to and including April 23, 1997, to file a Section 2254 petition.  Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998).

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling.  Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases).  Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or

its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, ____ U.S. ____, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir.), cert. denied, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

Here, petitioner did not directly appeal any of his convictions. This means that his 1994 convictions became final when judgment was entered on January 12, 1994.[3] United States v. Sanders, 247 F.3d 139, 142 (4th Cir.), cert. denied, 534 U.S. 1032, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001). Because the convictions predated AEDPA, his one-year time limit began to run on the date AEDPA was signed and expired a year later on April 23, 1997. Brown supra. Petitioner filed nothing to toll the running of the time limit and his claims are barred.

Petitioner's 1998 convictions are similar. They were not appealed and became final when judgment was entered on March 26, 1998. The AEDPA limitation period then ran for over 6 months until October 19, 1998 when he filed his first motion for appropriate relief. This tolled the running and the tolling remained in effect until December 2, 1998, when his request for certiorari was denied by the North Carolina Court of Appeals. The time period then began

---

[3] There would normally be a problem with petitioner challenging two sets of convictions in the same petition. However, because the case has reached the stage it has and because the same AEDPA reasoning applies to both sets of claims, the Court will simply address both sets in the same petition.

-4-

to run again and expired a little more than six months later. During this time, petitioner did not file any further state court documents that would entitle him to tolling, nor did he file a petition in this Court.

Petitioner did later file further motions for appropriate relief long after the time period expired. However, these cannot restart or revive the AEDPA limits. <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000). Petitioner has advanced no possible grounds for equitable tolling and would not be eligible in any event due to a lack of diligence in pursuing his claims. Therefore, his claims based on his 1998 convictions are also barred and respondent's motion to dismiss should be granted.[4]

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss (docket no. 3) be granted, that the habeas petition (docket no. 1) be denied, and that Judgment be entered dismissing this action.

August 3, 2005

                                              /s/ Russell A. Eliason
                                        **United States Magistrate Judge**

---

[4] Petitioner claims to have "discovered" that his 1994 and 1998 sentences were improperly being counted as running consecutively sometime during the time frame of a December 2004 motion for appropriate relief. However, this late discovery cannot help him evade AEDPA's time limits. Whenever he may have become aware that his sentences were consecutive, the law requiring them to be served in that manner was in effect at least in 1994 and he could have raised his claim in his first motion for appropriate relief. <u>See</u> N.C. Gen. Stat. § 14-7.6 (listing no amendments after October 1, 1994).